# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DYLAN CAMPBELL,

     Plaintiff,

                                 CASE NO. 6:20-cv-846-PGB-LRH

vs.

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD. d/b/a VOLCANO
BAY,

     Defendant.

                                          /

## DEFENDANT'S MOTION FOR SCHEDULING CONFERENCE AND MEMORANDUM IN SUPPORT THEREOF

Defendant, Universal City Development Partners, Ltd., d/b/a Volcano Bay ("Universal"), by and through its undersigned counsel, hereby moves the Court to hold a scheduling conference for purposes of scheduling the proceedings on remand in this case, in accordance with Rule 16, Fed. R. Civ. P., asserting in support thereof as follows:

On July 7, 2023, the Eleventh Circuit rendered an Opinion that vacated the summary judgment entered by this Court in favor of Defendant Universal (Docs. 66 & 67), and it remanded this case "for further proceedings consistent with [the Opinion]." *Campbell v. Universal City Development Partners, Ltd.*, 72 F.4th 1245, 1261 (11th Cir. 2023). A brief summary of the Eleventh Circuit's Opinion is necessary to explain the "further proceedings" that are

mandated by the Opinion, which make a scheduling conference appropriate at this time.[1]

In a case of first impression at the appellate level in any Circuit, the Eleventh Circuit held that "'compliance with state law,' in and of itself, cannot qualify as 'necessary' under the ADA"; thus, "'compliance with state law' does not relieve Universal of its obligation to follow the ADA." *Id.* at 1248.  The Eleventh Circuit concluded the introductory section of its Opinion by describing what Universal will be required to show after remand:

> We therefore vacate the order granting summary judgment and remand for further proceedings.   Universal must either show that refusing to permit Campbell to ride the Aqua Coaster is otherwise "necessary," as the ADA contemplates, or it must allow him to ride.

*Id.*

In the Opinion, the Eleventh Circuit also articulated a new set of standards to apply to a "discriminatory eligibility criteria" case brought against a public accommodation, starting with this case on remand.   The Court began by setting forth a "burden-shifting standard":

---

[1]     In apparent disregard of the "further proceedings" mandated by the Eleventh Circuit in the Opinion, as discussed further below, Plaintiff Dylan Campbell ("Campbell") has, through his counsel, indicated his intention to move for a preliminary injunction to remove all disability-based ride restrictions at Volcano Bay based on the record that was established at the summary judgment stage.   Putting aside the lack of merit of any such motion for provisional relief, Universal respectfully submits that the motion contravenes both the letter and spirit of the Eleventh Circuit's mandate.

> Once the plaintiff makes or establishes a prima facie case [of discrimination], the burden shifts to the defendant to show that the eligibility criterion is "necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered."

*Id.* at 1252 (citation omitted).

The Court held that "we must read subsection 12182(b)(2)(A)(i) to place the burden on the public accommodation to show that the discrimination is 'necessary.'"  *Id.* at 1254.  The Court then noted that the parties "disagree" about what the term "necessary" means:

> Universal says that "necessary" includes compliance with state law, reliance on manufacturers' recommendations because of their comparative advantage in dealing with equipment they sell, and avoiding undue administrative costs.  For his part, Campbell insists that discrimination qualifies as "necessary" only if it is required for safety.

*Id.* (emphasis added).

The Court determined that "Campbell's definition is too narrow and that Universal's is too broad."  *Id.*  In its analysis, the Court started with the proposition that "'necessary', at a minimum, includes discriminatory eligibility criteria imposed to ensure safety."  *Id.*  Thus, "on remand, the district court may need to consider whether Universal's requirements are 'necessary' for safety."  *Id.*  In addition, the Court expressly agreed "with Universal that 'necessary' includes more than what is required for safety."  *Id.* at 1256.

3

However, "this conclusion — that 'necessary' must include more than safety concerns — does not tell us what else 'necessary' includes."   *Id.*

The Court then considered and rejected, <u>on the record before it</u>, the justifications of 'necessary' that Universal had advanced on summary judgment.   After explaining why Universal's "compliance with state law" argument failed as a matter of law, the Eleventh Circuit turned to Universal's "comparative advantage" argument.   The Court wrote that "[w]e disagree that the comparative advantage of a manufacturer in identifying safety risks, <u>in and of itself</u>, qualifies as 'necessary' under subsection (b)(2)(A)(i) and excuses a public accommodation from otherwise complying with the ADA."   *Id.* at 1259 (emphasis added).   Rather, preserving the possibility that the manufacturer's recommendations may govern under certain circumstances, the Court wrote that "a manufacturer-imposed safety requirement is 'necessary' only to the extent it is related to actual risks to the health and safety of guests."   *Id.*

In applying that standard to the subject rider requirements imposed by ProSlide, the Court determined that the record in this case "reveals no 'actual risks' to people like Campbell."   *Id.* at 1260.   The Court then asked: "So when ProSlide recommends that Universal not let Campbell ride, it raises the question, why?"   *Id.*   The Court could not discern an answer to that question in the record before it.   *Id.*

Next, in response to Universal's "administrative feasibility and uniformity" argument, the Court held that "Universal overstates its concern on this record."  *Id.* (emphasis added).   Significantly, the Court observed that "[o]f course, administrative feasibility could be 'necessary,' given a record that supports that conclusion."  *Id.* (emphasis added).   "But at this point in this case, Universal hasn't shown that administrative feasibility is relevant."  *Id.* (emphasis added).   Thus, "on this record," the Court held that "Universal has not shown that the term 'necessary' includes administrative efficiency or uniformity."  *Id.* at 1261.

Given the extensive list of matters that must be reviewed before a "necessary" determination can be made, the Eleventh Circuit wrote in the Conclusion section of its Opinion:   "For the foregoing reasons, we vacate and remand the district court's order for further proceedings consistent with this order."  *Id.*

The "further proceedings" on remand required by the Eleventh Circuit will necessarily encompass an analysis of facts collected to address the legal issues framed by the Eleventh Circuit's Opinion.   The overarching question will be whether Universal can satisfy the new standards articulated by the Eleventh Circuit in order to establish its "necessary" defense in this case.   Put simply, Universal must show on remand that refusing to permit Campbell to ride Krakatau (the Aqua Coaster) is "necessary" under the ADA.   Without

making that showing to this Court, the Eleventh Circuit has mandated that Universal "must allow him to ride."   *Id.* at 1248.

Based on the foregoing, a scheduling conference is appropriate at this time in order to discuss and provide a schedule of the proceedings mandated by the Eleventh Circuit on remand.   District Courts "enjoy broad discretion in deciding how best to manage the cases before them."   *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

**WHEREFORE,** Defendant Universal respectfully prays the Court to conduct a scheduling conference at the Court's earliest opportunity, and for such other and further relief as the Court deems proper.

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that the undersigned counsel for Defendant has conferred with counsel for Plaintiff (Leigh Markowitz, Esq.) in a good faith effort to resolve this Motion, but the parties were unable to agree on any such resolution.   The conference took place via an email exchange on August 14, 2023.   Counsel for Plaintiff, including lead counsel Matthew Dietz, Esq., have declined several requests to meet and confer by telephone in order to discuss scheduling matters (among other things), based on counsel's stated belief that Plaintiff is entitled to immediate injunctive relief in his favor.

DATED this 14th day of August, 2023.

/s/ *Michael J. Beaudine*
**Michael J. Beaudine, Esq.**
Florida Bar No. 0772763
beaudine@lathamluna.com
LATHAM, LUNA, EDEN & BEAUDINE,
LLP
201 S. Orange Ave., Suite 1400
Orlando, Florida 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801

- AND -

**David Raizman, Esq.**
California Bar No. 129407
david.raizman@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

*Attorneys for Defendant Universal
City Development Partners, Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2023, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system, which will

serve an electronic copy on all counsel of record.

/s/ *Michael J. Beaudine*
**Michael J. Beaudine, Esq.**

7