# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DYLAN CAMPBELL,

    Plaintiff,

v.             Case No:   6:20-cv-846-PGB-LHP

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD.,

    Defendant

_____

## ORDER

   This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF MEDIATOR AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 89)** |
| **FILED:** | **September 21, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

   The parties jointly request that the Court approve Anne Marie Estevez, Esq. as the mediator in this case, despite the fact that Attorney Estevez is not on the

Court's list of certified mediators[1] and does not satisfy the requirements of Local

Rule 4.02(b).   Doc. No. 89.   *See also* Doc. No. 86, at 13 ("The Court prefers to

appoint the *certified and approved mediator*, if any, chosen by the parties in their Case

Management Report." (emphasis supplied)).   The parties cite no legal authority in

support, arguing only that given the novelty and complexity of the issues raised in

this case, they believe having a mediator "with substantial knowledge and

experience in this specialized area of the law would facilitate the mediation

process," and in particular, Attorney Estevez, given her experience litigating

complex matters under Title III of the ADA, her mediation of complex litigation

matters, and her knowledge of counsel and the parties.   *Id.*   While the Court

recognizes the expertise of Attorney Estevez, she does not meet the eligibility

requirements to be a certified mediator of this Court.

    Upon review, the motion will be denied without prejudice.   Courts in this

District "in certain circumstances permit the occasional appearance of a non-

certified mediator . . . such as where a specific expertise is lacking among the Court's

certified mediators, where global mediation of cases pending in many jurisdictions

is necessary, or where all of the parties reside outside the jurisdiction and mediation

---

[1]   The list of certified mediators is available on the Court's website, https://www.flmd.uscourts.gov/mediation-and-settlement, by selecting "Certified Mediators (PDF)."

in a distant location may be more cost efficient." *See Griffith v. Landry's, Inc.*, No. 8:14-cv-3213-T-35TGW, 2015 WL 13903839, at *1 (M.D. Fla. May 26, 2015). However, besides a bare reference to the "novelty and complexity" of the case, the parties do not demonstrate that there is no mediator on the certified mediator list with the necessary expertise.  Nor do the parties satisfy any of the other considerations.  Accordingly, under these circumstances, the Court declines to grant the parties' request to appoint a non-certified mediator in this case.  *See id.* (denying similar request under prior version of Local Rules).  On or before **September 29, 2023**, the parties shall advise the Court on the selection of a mediator from the Court's list of certified mediators.

Nonetheless, the Court notes that the parties "are ultimately free to mediate before whomever they wish and to engage in any meaningful alternative resolution to which all [p]arties accede." *See id.* at *2.  Thus, nothing in this Order precludes the parties from engaging in an informal mediation before Attorney Estevez should they so choose.

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties