# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DYLAN CAMPBELL,

        Plaintiff,

v.                                                                   Case No:   6:20-cv-846-PGB-LHP

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD.,

        Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S SHORT-FORM MOTION TO COMPEL SUPPLEMENTAL DISCLOSURES AND RESPONSES PURSUANT TO RULE 26(e) (Doc. No. 92)**
>
> **FILED:**   September 29, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

After remand from the Eleventh Circuit Court of Appeals, the Court issued a 2nd Amended Case Management and Scheduling Order resetting the deadlines in this case, which included reopening discovery through April 15, 2024.   Doc. No.

86. *See also* Doc. Nos. 74–75. By the present motion, Plaintiff seeks to compel Defendant to "supplement [its] discovery and initial disclosures" served before the remand issued. Doc. No. 92. Plaintiff says he "has no idea of [Defendant's] current defenses" and "cannot proceed;" he seeks discovery regarding Defendant's ongoing testing and/or a privilege log; and he requests financial discovery as pertinent to punitive damages. *Id.* at 2–3.

Upon review, and for the reasons argued by Defendant in response, Doc. No. 94, Plaintiff's motion, Doc. No. 92, will be **DENIED without prejudice**. Specifically, Plaintiff in essence is asking the Court to compel Defendant to comply with its obligation to supplement under Federal Rule of Civil Procedure 26(e)(1). *See* Doc. No. 92. But Plaintiff identifies no specific discovery requests that he contends are at issue, but rather appears to be asking the Court to compel Defendant to supplement *all* initial disclosures and responses to requests for production from 2020. *See* Doc. Nos. 92-1, 92-2.[1] Absent an argument from Plaintiff as to what specific discovery responses are materially "incomplete or incorrect," Plaintiff has not demonstrated that the requested relief or supplementation is appropriate. *See* Fed. R. Civ. P. 26(e)(1).

---

[1] Notably, Plaintiff does not seek to compel any "new" discovery from Defendant, and relies only on Defendant's discovery responses served in 2020 and seeks supplementation to same. *See* Doc. Nos. 92-1, 92-2.

Moreover, Plaintiff's motion appears to be premature, in that Plaintiff is asking the Court to compel Defendant to supplement its document production and initial disclosures to comply with the scope of the Eleventh Circuit's remand order, despite Defendant's representations that it has not yet identified documents to support its defenses pursuant to the Eleventh Circuit's opinion, and that any testing it is conducting is not yet complete.  *See* Doc. No. 94, at 2.  Accordingly, Plaintiff has not demonstrated that compelling Defendant to supplement its initial disclosures or responses to requests for production is appropriate at this time.  As Defendant acknowledges in response, *see id.*, it has a duty to timely supplement its initial disclosures and discovery responses, as appropriate.  *See* Fed. R. Civ. P. 26(e)(1).  *See also Inglis v. Wells Fargo Bank N.A.*, No. 2:14-cv-677-FtM-29CM, 2016 WL 6068300, at *4 (M.D. Fla. Oct. 17, 2016), *report and recommendation adopted*, 2016 WL 6093234 (M.D. Fla. Oct. 19, 2016), *and objections overruled*, 2016 WL 6837028 (M.D. Fla. Nov. 21, 2016) ("[A]n appropriate procedural remedy based on a duty to supplement under Rule 26(e) is a motion for sanctions under Rule 37(c)(1), not a motion to compel under Rule 37(a)(3)(B)(iv).")).

Finally, insofar as Plaintiff's motion references "financial discovery for punitive damages for a period of three years," it is entirely unclear from the motion to which discovery Plaintiff refers.  *See* Doc. No. 92, at 3–4.  Absent a valid discovery request to support this argument, the Court is not inclined to entertain it.

*Cf. Burgholzer v. Costco Wholesale Corp.*, No. 3:10-cv-931-J-20JRK, 2011 WL 13141504, at *2 (M.D. Fla. Dec. 8, 2011) (motion to compel must be made based on a formal discovery request).

**DONE** and **ORDERED** in Orlando, Florida on October 11, 2023.

                                             *[signature]*
                                           LESLIE HOFFMAN PRICE
                                           UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties