# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DYLAN CAMPBELL,

    Plaintiff,

v.   Case No:   6:20-cv-846-PGB-LHP

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD.,

    Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S SHORT-FORM MOTION TO COMPEL (Doc. No. 100)**
>
> **FILED:** February 16, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On February 5, 2024, the Court denied without prejudice Plaintiff's first version of the above-styled motion to compel for several reasons, including: (1) failure to comply with Local Rule 1.08; (2) failure to state what specific relief Plaintiff was requesting from the Court; and (3) failure to demonstrate a sufficient conferral

with Defendant pursuant to Local Rule 3.01(g) prior to filing the motion. Doc. Nos. 96, 99. The Court ordered further conferral in person or by videoconference prior to the filing of any renewed motion, and required Plaintiff to include in any renewed motion specific recitations pursuant to Local Rule 3.01(g) and to "set forth the precise relief he seeks from the Court." Doc. No. 99.

Now before the Court is Plaintiff's renewed motion. Doc. No. 100. Defendant opposes. Doc. No. 102. For the reasons argued in response, among others, Plaintiffs' renewed motion (Doc. No. 100) will be denied.

As an initial matter, the renewed motion once again fails to comply with Local Rule 1.08. In addition, the renewed motion fails to comply with the directives of the Court's prior Order by failing to include, "in a Local Rule 3.01(g) certification, the date, time, and length of the conferral, the method by which the conferral was conducted, as well as the issues discussed, to include a detailed recitation of those issues remaining for resolution by the Court." Doc. No. 99, at 3 ¶ 2; *cf.* Doc. No. 100, at 3 (Local Rule 3.01(g) Certification). In addition, like with the prior version of this motion, the Court is once again unable to ascertain what specific relief Plaintiff is seeking, which is the result of Plaintiff's failure to comply with the directive that "Plaintiff must . . . set forth the precise relief he seeks from the Court." *See* Doc. No. 99, at 3 ¶ 3; *see also* Doc. No. 102 (arguing same). Indeed, Plaintiff's motion once again asks "to compel discovery and redesignate all

documents pursuant to the confidentiality agreement," but then goes on to reference only a Request for Production (Doc. No. 100 ¶¶ 1, 3), and a common interest agreement (Doc. No. 100 ¶¶ 2, 4).

Accordingly, the Court considers the motion on the merits only as to the specific discovery at issue that can be gleaned from Plaintiff's motion (Doc. No. 100) and as interpreted by Defendant in response (Doc. No. 102).  First, Plaintiff references Request for Production #1, which Request and Defendant's Response thereto provide as follows:

> 1. All documents sent to or received by ProSlide relating to the Rides at Volcano Bay, from January 1, 2020 to the present, including, but not limited to: performance reports, ride analysis, risk analysis, performance testing, incident reports, operating policies and procedures, dispatch procedures, documentation of pre-ride instructions, documentation of modifications, documentation on testing and inspections.
>
> **RESPONSE:**
>
> UCDP objects to this request as overly broad and irrelevant to any of the parties' claims or defenses in this action.  UCDP further objects to this request on the ground that it seeks documents that contain highly confidential and/or proprietary information, and UCDP will only produce such documents pursuant to the parties' Stipulated Confidentiality Agreement dated July 8, 2020.  UCDP further objects to this request on the ground that certain communications with ProSlide regarding the testing that is currently underway are protected from disclosure by the common interest privilege.
>
> UCDP will produce testing-related materials, including non-privileged emails between UCDP and ProSlide, test plans, testing results and videos of testing runs in response to this request.  Beyond the

> materials that will be produced in response to this request, UCDP further responds that there are likely hundreds, if not thousands, of emails exchanged between it and ProSlide, the vast majority of which will have no relation to a claim or defense in this action. Nonetheless, UCDP further responds that it is willing to meet and confer with counsel for Plaintiff to formulate agreed-upon search terms to properly narrow the review of these emails to a reasonable and proportionate number.

Doc. No. 100-1, at 2–3.

In his motion, Plaintiff acknowledges that Defendant has produced testing materials from 2022 through 2023 in response, but that further unidentified discovery responsive to this Request is relevant to "the safety of the rides," the relationship between Defendant and ProSlide, and "their future intent with regards to maintaining the restrictions on these rides." Doc. No. 100, at 1. Plaintiff does not further elaborate on what responsive information he seeks, does not address the remainder of Defendant's objections regarding the overbreadth of the discovery request, nor does Plaintiff address Defendant's willingness to meet and confer regarding search terms to properly narrow the Request. *Id.* at 1–2. These arguments are reiterated by Defendant in response, and Defendant states that after conferral with Plaintiff, Defendant produced approximately 250 responsive emails from October 2021 through 2023, "the period during which testing was developed and performed." Doc. No. 102, at 2.

It appears from Plaintiff's motion that he seeks *all* email communications between Defendant and ProSlide from January 1, 2020 to present, regardless of subject matter.  Doc. No. 100, at 1–2.  But that is not what Request for Production #1 seeks.  Doc. No. 100-1, at 2.  Given Plaintiff's failure to delineate precisely what responsive discovery he seeks from Defendant in this regard, and his failure to address Defendant's willingness to meet and confer regarding search terms, the motion in this regard will be denied.  *See, e.g.*, *Rogers v. Minnesota Life Ins. Co.*, No. 5:21-cv-164-CEM-PRL, 2021 WL 5961299, at *2 (M.D. Fla. Dec. 16, 2021) ("[W]hile there may be particular requests that are appropriate in scope, relevant, and proportional to the needs of the case, Plaintiff has generally failed to sufficiently demonstrate that.  It is Plaintiff's burden to demonstrate how the requested information bears on the issues as []he understands them."); *Erchi v. Avis Budget Grp., Inc.*, No. 3:16-cv-164-J-39MCR, 2017 WL 3635406, at *2 (M.D. Fla. July 25, 2017) ("While Plaintiffs make blanket attempts at reaching the relevance threshold, they fall short in tying their broad request for documents to the specific claims asserted here.").

Second, Plaintiff references an entry on Defendant's privilege log regarding a communication between Defendant and ProSlide which Defendant claims to be

protected by the common interest doctrine. Doc. No. 100.[1] The only argument Plaintiff makes is that there cannot be a common interest because Defendant and ProSlide are not co-defendants in this case and do not share a legal interest. *Id.* at 2. As Defendant argues in response, however, there is no *per se* rule that Defendant and ProSlide must be codefendants in this case for the doctrine to apply. Doc. No. 102, at 3 (citing *EFN W. Palm Motor Sales, LLC v. Hyundai Motor Am.*, No. 21-CV-80348, 2022 WL 1549366, at *1 (S.D. Fla. May 16, 2022) (addressing documents withheld by third party to the litigation based on common interest privilege)). *See also Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Properties, Inc.*, No. 2:16-cv-206-FtM-PAM-MRM, 2018 WL 10229712, at *8 (M.D. Fla. Dec. 7, 2018) ("The Court . . . expressly rejects Plaintiff's contention that the common-interest privilege does not apply because the challenged documents pre-date this lawsuit by many years." (citing *Hope For Families & Cmty. Serv., Inc. v. Warren*, No. 3:06-CV-1113-WKW, 2009 WL 1066525, at *14 (M.D. Ala. 2009) (finding that "[t]he fact that not all of [the challenged] communications were made in the throes of litigation (but some were) does not defeat application of the common legal interest doctrine")); *Ameritox, Ltd.*

---

[1] "The common-interest doctrine is an exception to the general rule that disclosure of otherwise protected communications to a third party waives the privileged or protected status of those communications." *Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, No. 8:11-cv-775-T-24TBM, 2013 WL 12159054, at *3 (M.D. Fla. Nov. 4, 2013).

*v. Millennium Lab'ys, Inc.*, No. 8:11-cv-775-T-24TBM, 2013 WL 12159054, at *3 (M.D. Fla. Nov. 4, 2013) ("In general, the [common interest] doctrine provides that communications among multiple parties and their attorneys are privileged if the parties share a common interest in a litigated *or nonlitigated matter*, including prospective litigation; the parties agree to exchange information about the matter; and the communications relate to the matter." (emphasis added)).  Plaintiff cites no authority to the contrary.  *See* Doc. No. 100.[2]  Given that this is the only argument Plaintiff raises, the motion to compel as to the last entry on the privilege log will likewise be denied.

Accordingly, for the reasons discussed herein, the renewed motion (Doc. No. 100) is **DENIED**.  However, despite Defendant's request for fees in response, Doc. No. 102, at 3, the Court declines to award sanctions in this instance.  Fed. R. Civ. P. 37(a)(5)(B).  **Plaintiff is cautioned, however, that future failures to comply with**

---

[2] Plaintiff cites *Simmons v. USI Insurance Services LLC*, No. 8:23-cv-201-TPB-AAS, 2023 WL 6958659 (M.D. Fla. Oct. 20, 2023), only for the general proposition that "[t]he joint defense doctrine is considered an extension of the workproduct doctrine which allows parties facing 'a common litigation opponent' to share privileged information in preparation of a 'common defense.'"  Doc. No. 100, at 2.  And while *Lane Construction Corp. v. Skanska USA Civil Southeast, Inc.*, No. 6:21-cv-164-RBD-DCI, 2022 WL 18773723 (M.D. Fla. Nov. 7, 2022), addressed the common interest doctrine as amongst co-defendants, nothing in *Lane* suggests that being co-defendants is required.

**Court Orders and/or the Local Rules and Federal Rules of Civil Procedure may result in the imposition of sanctions without further notice.**

**DONE** and **ORDERED** in Orlando, Florida on February 23, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties