# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DYLAN CAMPBELL,

       Plaintiff,

v.                                      Case No:   6:20-cv-846-PGB-LHP

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD.,

       Defendant

_____

## ORDER

This matter comes before the Court on review of Plaintiff's Motion to Vacate or Modify Stipulated Protective Order (Doc. No. 101) and Defendant's Memorandum of Law in Opposition (Doc. No. 104).  Upon consideration, the Court has determined that a reply from Plaintiff would be beneficial in resolving the motion, directed to certain issues raised by Defendant in response.

Accordingly, it is **ORDERED** that on or before **5:00 p.m. on Monday March 11, 2024**, Plaintiff shall file a reply brief, not to exceed **seven (7) pages** in length addressing the following:

    1.    Plaintiff's compliance, prior to filing the motion, with the specific procedures set forth in the parties' Stipulated Confidentiality Agreement

regarding alleged improper designations of "Confidential" or "Highly Confidential" material.   Plaintiff's reply brief shall include a detailed recitation regarding "notify[ing] the producing party in writing and provid[ing] a written description of the Material which the objecting party believes should not be subject to the confidentiality provisions" as set forth in the Stipulated Confidentiality Agreement.   *See* Doc. No. 104-1 ¶ 13. Plaintiff shall submit any written documentation supporting his reply in this regard.   The reply shall also address, in detail, the good faith conferral conducted pursuant to that provision.   *See id.*

2.     Plaintiff's compliance with the terms of the Stipulated Confidentiality Agreement as it relates to counsel's request to permit student access to confidential materials, *see* Doc. No. 104-1 ¶¶ 11–12, particularly in light of Defendant's statement that it has "agreed to allow Plaintiff's counsel to give access to the Highly Confidential Material to his students who are assigned to this case — but to date, Plaintiff's counsel has not availed himself of that opportunity."   *See* Doc. No. 104, at 14.   Plaintiff shall submit as exhibits any written documentation supporting his reply.

3.     Plaintiff's compliance with the provisions of the Stipulated Confidentiality Agreement with regard to Plaintiff's access to materials designated "Highly Confidential," *see* Doc. No. 104-1 ¶¶ 11–13, particularly

in light of Defendant's contention that Plaintiff's motion "is the first time that [Defendant] has heard that Plaintiff would like to see any of [Defendant's] Highly Confidential Material."  *See* Doc. No. 104, at 14.  Plaintiff shall submit as exhibits any written documentation supporting his reply.

4.      Whether Plaintiff's request is ripe for disposition given that Plaintiff identifies no filing he intends to make for which he needs to file any materials designated "Confidential" or "Highly Confidential" under the Stipulated Confidentiality Agreement.  *See* Doc. No. 101; *see also Smart Commc'ns Holding, Inc. v. Correct Sols., LLC*, No. 8:20-cv-1469-T-30JSS, 2020 WL 10498682, at *2 (M.D. Fla. Oct. 16, 2020) ("CSG's request to vacate specific confidentiality designations is premature at this time because CSG has not sought to file the challenged materials in support of any motion.").

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2024.

Leslie Hoffman Price
_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties