# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DYLAN CAMPBELL,

        Plaintiff,

v.                                           Case No:   6:20-cv-846-PGB-LHP

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD.,

        Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION TO VACATE OR MODIFY STIPULATED PROTECTIVE ORDER (Doc. No. 101)
>
> **FILED:** February 20, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Before the Court is Plaintiff's "Motion to Vacate or Modify Stipulated Protective Order," in which Plaintiff seeks to "vacate" a Stipulated Confidentiality

Agreement that the parties executed in July 2020, *see* Doc. No. 104-1, [1] or alternatively, an order requiring Defendant to redesignate its confidentiality designations made pursuant to that Stipulated Confidentiality Agreement. Doc. No. 101. Defendant opposes. Doc. No. 104. Upon order of the Court, Doc. No. 105, Plaintiff filed an authorized reply, Doc. No. 107, and the matter is now ripe for review. For the reasons discussed herein, Plaintiff's motion will be granted in part, and the Court will require the parties to conduct a substantive conference regarding the redesignation of documents, as more fully set forth below.

In the motion, Plaintiff applies law applicable to agreed motions for protective order and argues that because Defendant designated "almost every single document in this matter" as "Highly Confidential" under the Stipulated Confidentiality Agreement, Defendant's designations were not made in good faith, and thus Defendant must be required to conduct a redesignation of the documents. Doc. No. 101, at 3, 8–10.[2] By way of example, Plaintiff says that in some of its

---

[1] Plaintiff purports to attach a copy of the Stipulated Confidentiality Agreement as "Exhibit A" to his motion, but "Exhibit A" is a copy of a Common Interest Agreement. *See* Doc. No. 101-1. Accordingly, the Court cites the Stipulated Confidentiality Agreement attached to Defendant's response. Doc. No. 104-1. Another copy was also provided in support of Plaintiff's reply. *See* Doc. No. 107-5, at 12–19.

[2] The Stipulated Confidentiality Agreement provides the following definitions:

"Confidential Material" means any Discovery Material that a producing party believes in good faith constitutes, contains, reflects or discloses

production, Defendant designated blank pages and meeting invites as "Highly Confidential." *Id.* at 3; *see also* Doc. No. 101-2. Moreover, as it relates to the majority of the remainder of the materials, which are testing materials regarding the safety of rides for persons with limb differences, *see also* Doc. No. 104, at 4–5, Plaintiff argues that these materials are not entitled to confidential protection under governing law. Doc. No. 101, at 6–7, 10–15. Plaintiff goes on to argue that Defendant's confidentiality designations have prevented his counsel from litigating the case, in that Plaintiff's counsel operates a law school legal clinic, and has been unable to share the materials with his students, and the "Highly Confidential"

---

confidential, non-public research and analysis, development or commercial information, or other sensitive or proprietary information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law. Confidential Material does not include documents that are generally non-secret, non-proprietary, or non-trade secrets, including standards or guidance produced by a governmental agency, or standards or guidance produced by a non-governmental agency, such as ASTM, that is not hired, employed or an agent of Defendant herein.

"Highly Confidential Material" means any Confidential Material that a producing party reasonably and in good faith believes to be extremely sensitive, confidential and/or proprietary information, the disclosure of which, even if limited to the disclosure of Confidential Material permitted under this Agreement, would compromise and/or jeopardize the producing party's personal or business interests.

Doc. No. 104-1 ¶¶ A–B.

designation prohibits counsel from sharing the materials with Plaintiff. *Id.* at 15–20.

In response, Defendant argues that the legal standards applied by Plaintiff regarding protective orders have no application here, and instead, Plaintiff has failed to comply with his obligations regarding requests to redesignate materials under the Stipulated Confidentiality Agreement. Doc. No. 104, at 1, 8–12. Defendant further argues that its "Highly Confidential" designations, for the most part, were proper, although Defendant admits that it "has made some mistakes." *Id.* at 2, 6, 12. Defendant also contends that Plaintiff's motion is unnecessary and premature because Plaintiff has failed to identify the need to file any "Highly Confidential" designated materials with the Court. *Id.* at 12–13. Defendant further contests Plaintiff's arguments regarding student or Plaintiff access to the materials; arguing that there is a procedure in place for the former with which Plaintiff has not complied and Plaintiff has never requested the latter. *Id.* at 13–15.

The Court directed a reply from Plaintiff on several targeted issues, which, in short, included (1) Plaintiff's compliance with the Stipulated Confidentiality Agreement regarding contesting improper "Highly Confidential Designations," *see* Doc. No. 104-1 ¶ 13; (2) Plaintiff's compliance with the Stipulated Confidentiality Agreement and efforts regarding requesting student access, *see* Doc. No. 104-1 ¶¶ 11–12; (3) Plaintiff's compliance with the Stipulated Confidentiality Agreement and

efforts with regard to Plaintiff's access, *see* Doc. No. 104-1 ¶¶ 11–13; and (4) whether Plaintiff's request is ripe for disposition. Doc. No. 105. In reply, Plaintiff fails to respond to most of these inquiries in any meaningful way. Doc. No. 107. But Plaintiff maintains that Defendant has not made its designations in good faith and carries the burden of demonstrating that the "Highly Confidential" designations are proper, and argues that his motion is ripe for disposition. *Id.*

Upon consideration, as an initial matter, Plaintiff asks to "vacate" or "amend" the Stipulated Confidentiality Agreement. Doc. No. 101, at 20; Doc. No. 107, at 5. But Plaintiff provides no legal basis for doing so, and instead, his arguments focus on the de-designation or re-designation of materials marked "Highly Confidential." *Id.* Because Plaintiff provides no basis nor legal authority for his request to "vacate" or "amend" the Stipulated Confidentiality Agreement, which Agreement has not been entered by the Court, the motion in this regard will be **DENIED**. Moreover, to the extent that Plaintiff's arguments regarding student or Plaintiff access to the confidential information were intended to provide standalone bases for de-designation/re-designation of any materials marked "Highly Confidential," the motion will also be **DENIED**. In his reply, Plaintiff has wholly failed to demonstrate compliance with the Stipulated Confidentiality Agreement in these regards, even in light of an explicit order from the Court on these issues. *See* Doc. No. 105. More specifically, Plaintiff fails to address the provisions of the Stipulated

Confidentiality Agreement regarding consent to share designated material with non-listed persons or his compliance with same, *see* Doc. No. 104-1 ¶¶ 11–12, Defendant's representations in the motion that Plaintiff has not provided completed Acknowledgments from any students, *see* Doc. No. 104-1, at 9, or whether Plaintiff's counsel ever made any explicit request for Plaintiff to review "Highly Confidential" materials. *See* Doc. No. 107; *see also* Doc. No. 105.

That leaves Plaintiff's request to de-designate/re-designate materials marked "Highly Confidential" by Defendant. To be clear, that is the only issue that the Court addresses by remainder of this Order. *See* Doc. No. 101. In this regard, Plaintiff's motion is well taken, in part.

As discussed above, Defendant argues that Plaintiff cites the wrong legal standards applicable to stipulated protective orders and suggests that these same legal standards do not apply or govern when the parties have entered into a private Stipulated Confidentiality Agreement, which the Court has not entered in this case. *See* Doc. No. 104, at 1, 8–10. Defendant provides no legal authority setting forth this proposition, however. *See id.* And this Court sees no material distinction in this regard between a negotiated protective order entered by the Court, and a private confidentiality agreement entered amongst the parties, particularly where, as here, the Stipulated Confidentiality Agreement requires "Confidential" and "Highly Confidential" designations to be made in good faith. *See* Doc. No. 104 ¶¶

A–B.  *See also* Doc. No. 86, at 5 ("Stipulated motions for entry of a protective order are discouraged and unnecessary because the Court will enforce a written agreement to protect the confidentiality of information produced during discovery. . . ."). Again, Defendant cites no legal authority that actually addresses this proposition, [3] and the case cited in its motion actually supports a contrary conclusion.  *See* Doc. No. 104, at 12–13 (citing *Smart Commc'ns Holding, Inc. v. Correct Sols., LLC*, No. 8:20-cv-1469-T-30JSS, 2020 WL 10498682, at *3 (M.D. Fla. Oct. 16, 2020) (discussing challenged designations under confidentiality agreement and citing federal case law on "good cause" standard for supporting confidentiality designations)).

Here, the Stipulated Confidentiality Agreement requires that materials designated "Confidential" or "Highly Confidential" be disseminated only to specified individuals, provides procedures for dissemination to other persons, and provides a procedure for objecting to "Confidential" or "Highly Confidential"

---

[3] Many of the cases cited by Defendant relate to the sealing of materials from viewing by the public.  *See* Doc. No. 104, at 11.  But that is not the issue before the Court. Rather, the issue here is the designation of materials for dissemination and review by and among the parties and their counsel.  Moreover, it appears that Plaintiff's primary contention concerning designations is that Defendant designated everything "Highly Confidential."  If the parties are willing to have an open, civil, and cooperative conferral, it is possible that many of the issues with these designations could be resolved without wholesale placing the materials in the public domain.

designations as follows:

> If any Party believes that any Material which has been designated as "Confidential" or "Highly Confidential" is not properly subject to the confidentiality provisions of this Agreement, that Party may so notify the producing party in writing and provide a written description of the Material which the objecting party believes should not be subject to the confidentiality provisions of this Agreement. The Party producing such designated Material must then confer in good faith with the other Party regarding the appropriate designation for the Material. If such good faith conference fails to lead to a resolution of the designation, the Party challenging the designation may file a motion for re-designation of the Material as not "Confidential" or "Highly Confidential" and shall bear the burden of justifying the re-designation of the disputed Material. The protection afforded by this Agreement shall continue until a decision on the motion is made by the Court.

Doc. No. 104-1 ¶ 13.

Generally speaking, in addressing confidentiality designations, courts require "a targeted challenge, not a blanket demand to re-review all documents produced and designated," particularly where that is what the parties' agreement requires. *See Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, at *8 (S.D. Fla. Sept. 4, 2013) (citation omitted). However, "if the challenging party demonstrates that the producing/designating party did not act in good faith, then it has grounds to assert a broad, blanket request for re-review and re-designation." *Id.* (citation omitted). "[I]f one party over-designates in bad faith, then the burden shifts to the producing party to re-review its designations." *Id.* at *5.

In this case, the parties appear to agree that the universe of documents at

issue which Plaintiff contends have been improperly designated are testing-related materials regarding the safety of rides for persons with limb differences, and it appears that this involves over 8,000 pages of documents. Doc. No. 101, at 4; Doc. No. 104, at 4–5. And there does not appear to be any dispute that Defendant made a "wholesale" designation of the documents as "Highly Confidential." *See* Doc. No. 104, at 5 ("Based on the highly sensitive and proprietary nature of these materials, Universal has designated most – but not all – of these materials as Highly Confidential under the Confidentiality Agreement."). Thus, the question is whether such wholesale designation was made in good faith, where Defendant admits to its wholesale nature and further admits it includes "some mistakes" by including non-confidential materials such as blank pages and meeting confirmations, Doc. No. 104, at 6; Doc. No. 101-2.

Upon consideration of the authority cited by Plaintiff, the Court finds that the wholesale designation of "Highly Confidential" materials, particularly in light of Defendant's admitted "mistakes," was not made in good faith.[4] *See, e.g.*, *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 4430955, at *7 (S.D. Fla. July 20, 2015) ("Although federal courts do not seem to have established a specific bright line test

---

[4] As Plaintiff points out, and Defendant does not dispute, the Stipulated Confidentiality Agreement requires designation on each page of the designated documents. Doc. No. 104-1 ¶ 4.

to determine when a party's designation of discovery as AEO in excess of a certain percentage is deemed presumptively improper, designation percentages of 95%—such as the rate used here by Procaps—have frequently been condemned. In fact, many courts confronted with this level of designations (and lower designations) brand the percentage as 'absurd.'" (collecting cases)); *Paradigm All., Inc. v. Celeritas Techs., LLC*, 248 F.R.D. 598, 605 (D. Kan. 2008) (finding argument that the defendant "fixed things" brought to its attention was an inadequate response to motion challenging confidentiality designations because "[t]he duty of good faith in the protective order is a duty to review the documents in good faith **before** designating them as AEO" (emphasis in original)); *see also Jackson v. Nassau Cty.*, No. CV183007JSAKT, 2021 WL 2525397, at *5 (E.D.N.Y. June 19, 2021) ("[A] blanket confidentiality designation is generally found not to be made in good faith." (citation omitted)). And at this stage, Defendant has not met its burden of demonstrating that all of the designated materials are entitled to confidential protection under governing law.[5]

Thus, requiring review and redesignation is appropriate. *See, e.g., Procaps*

---

[5] Given the wholesale designation of "Highly Confidential" materials, the Court does not find persuasive Defendant's contention that Plaintiff's motion is not ripe for decision, particularly in light of the ramifications of a "Highly Confidential" designation under the Stipulated Confidentiality Agreement, such as precluding Plaintiff from viewing the documents.

*S.A.*, 2015 WL 4430955 (and cases cited therein).  Given the fast-approaching discovery deadline, Doc. No. 86, the Court will require the parties to conduct a substantive conference on the issue of redesignation, at which the parties shall discuss why each of the specific designated materials shall/shall not be de-designated or re-designated under the Stipulated Confidentiality Agreement.  If Plaintiff still contends that after this substantive conference there are outstanding issues regarding improper designation of materials under the Stipulated Confidentiality Agreement, Plaintiff shall file a motion addressing those specific materials.  *See* Doc. No. 104-1 ¶ 13.  In response, however, Defendant will bear the burden of demonstrating the propriety of any given designation.  *See id.* ¶¶ A–B (stating that only materials believed in good faith by the producing party to be confidential may be designated "Confidential" or "Highly Confidential" under the Stipulated Confidentiality Agreement); *see also Smart Commc'ns Holding, Inc.*, 2020 WL 10498682, at *3 ("Under the terms of the Confidentiality Agreement, the burden of demonstrating good cause to support confidentiality designations remains with the party that makes the designation.").

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion to Vacate or Modify Stipulated Protective Order (Doc. No. 101) is **GRANTED in part**.

2. Within **seven (7) days** of the date of this Order, the parties shall

conduct a substantive conference, **in person**, on the issue of de-designation or re-designation of all disputed materials designated "Highly Confidential" by Defendant under the Stipulated Confidentiality Agreement.

3. Within **seven (7) days** of the date of the substantive conference, if any disputed issues remain regarding confidential designations, Plaintiff shall file a motion setting forth those issues and the precise relief requested from the Court. Defendant will be permitted **seven (7) days** to respond to any such motion, by which Defendant will carry the burden of demonstrating the propriety of the confidential designations. The Court's Standing Order on Discovery Motions (Doc. No. 88) will not apply to these filings.[6] The parties' filings shall include all evidentiary submissions that they wish the Court to consider in resolving the motion.

4. Plaintiff's Motion to Vacate or Modify Stipulated Protective Order (Doc. No. 101) is **DENIED in all other respects**.

---

[6] Although the Standing Order on Discovery Motions will not apply, the parties are cautioned that any filings must still comply with all applicable Federal Rules of Civil Procedure and Local Rules, including but not limited to all requirements of Local Rule 3.01, and deficient filings may be stricken or summarily denied without further notice.

**DONE** and **ORDERED** in Orlando, Florida on March 13, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties